UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN HIGHWAY, INC., ) | |
| ) | Honorable Manish S. Shah |
| Plaintiff, ) | |
| ) | Case No.: 19 CV 01660 |
| v. ) | |
| ) | |
| THE TRAVELERS COMPANIES, INC., d/b/a ) | |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO DISMISS COUNT II OF COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), incorrectly named as THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, hereby respectfully requests that this Honorable Court enter an order dismissing Count II of American Highway, Inc.'s *Complaint for Declaratory Judgment and Other Relief*, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim. In support thereof, Travelers states as follows:

### BACKGROUND

American Highway's lawsuit involves an insurance claim pertaining to a shipment of goods that was rejected by the party to which it was delivered. The Complaint explains that American Highway was a federally licensed motor carrier (US DOT Number 941655) performing transportation services as a motor carrier (MC No. 404418) in interstate commerce. *See Complaint*

1

¶1. American Highway alleges that a producer of food products hired it to carry a load of spices from Carol Stream, Illinois, to Victorville, California, in a tractor-trailer. *Id. ¶¶*3-7.

According to the Complaint, the load of spices was delivered to the consignee (Nutro) in California. *Id.* Several days later, the load was inspected, and Nutro took the position that it was rejecting the load on the basis that the original seal was not affixed to the trailer. *Complaint* ¶¶8-13. The Complaint asserts that the seal was changed due to a mechanical issue having occurred during the course of delivery, and the load being transloaded to a new trailer. *Id.*

American Highway asserts that $48,296.17 in damages was sustained arising from "asserted claims from its liability as a motor carrier." *Id.* The Complaint indicates that this purported legal liability is alleged to arise under the Carmack Amendment, 49 U.S.C. § 1470(a)(1). *Id. ¶* 27. There is no allegation of a lawsuit being filed against American Highway.

Following the above, American Highway made an insurance claim to Travelers, seeking coverage for the alleged liability it allegedly incurred as a result of the load of spices missing its original seal. *Complaint* ¶¶18-30. The Complaint alleges that the insurance policy Travelers issued to American Highway afforded coverage for "legal obligations of a motor carrier under the Carmack Amendment." *Id.* ¶28. The Complaint acknowledges that Travelers did not concur with American Highway's position on coverage, and that coverage was denied, including because there was not direct physical loss or damage at issue, as required by the terms of the Policy. *See Id.* ¶29.

Due to the foregoing opposing positions on coverage, American Highway filed its Complaint and sought a declaratory judgment regarding coverage. *See Count I,* ¶¶22-30. Without alleging any additional facts about Travelers' conduct, American Highway asserted a second count, Count II, purported to seek relief under 215 ILCS 5/155 ("Section 155") of the Illinois

2

Insurance Code. *See Count II*, ¶¶31-35. For the reasons that follow, this second count fails to state a claim, and must be dismissed.

## RELIEF REQUESTED

Travelers respectfully requests that this Honorable Court enter an order dismissing Count II of American Highway's Complaint, pertaining to Section 155 of the Illinois Insurance Code, for failure to state a clam under FED. R. CIV. P. 12(b)(6).

## BASIS FOR RELIEF REQUESTED

### A. Standard of Review

While a motion to dismiss under Rule 12(b)(6) accepts as true the well-pleaded allegations of the complaint and draws reasonable inferences therefrom in the plaintiff's favor, to survive the motion "a complaint must contain sufficient ***factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).

Relatedly, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." That said, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). To survive a Rule 12(b)(6) motion to dismiss "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011) (quotation omitted).

B. **American Highway has failed to state a claim under Section 155 of the Illinois Insurance Code**

Section 155 allows an insured to recover statutory damages and attorneys' fees for an insurer's "vexatious" and "unreasonable" conduct in connection with an insurance claim. *See* 215 ILCS 5/155. The Seventh Circuit has explained the following standards apply:

> Section 155 provides that an award of attorneys' fees and costs is appropriate if insurers' actions are "vexatious and unreasonable." Because this statute is "penal in nature" its provisions must be strictly construed. Attorneys' fees may not be awarded simply because an insurer takes an unsuccessful position in litigation, but only where the evidence shows that the insurer's behavior was willful and without reasonable cause. This means that an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law.

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (internal citations omitted).

Courts have been clear that a complaint that contains no factual allegations supporting an assertion of "vexatious and unreasonable conduct" is insufficient to state a Section 155 claim. *See Am. Alliance Ins. Co. v. 1212 Restaurant Group, L.L.C.*, 342 Ill. App. 3d 500, 511, 794 N.E. 2d 892, 901 (2003) ("If the insured merely states that the insurer committed vexatious and unreasonable delay without some modicum of factual support, the insured will not have stated a cause of action under section 155."); *Scudella v. Illinois Farmers Ins. Co.*, 174 Ill. App. 3d 245, 252-253, 528 N.E. 2d 218, 222 (1988) (affirming dismissal of the Section 155 claim where the plaintiff "made no factual allegations other than claiming defendant 'unreasonably delayed and refused to pay'"); *Kondaur Capital Corp. v. Stewart Title Co.*, 2012 WL 367054, *5-6 (N.D. Ill. Feb. 2, 2012) (dismissing the Section 155 claim for failure to allege facts in support of conclusory allegation that insurer acted vexatiously and unreasonably); *Scottsdale Ins. Co. v. City of*

*Waukegan*, 2007 WL 2740521, at *4 (N.D. Ill. Sept. 10, 2007) (dismissing a Section 155 claim that "fail[ed] to allege facts that plausibly suggest Scottsdale's conduct was vexatious and unreasonable."); *Fid. Investments Life Ins. Co. v. Squire*, 2010 WL 3273737, at *3 (N.D. Ill. Aug. 18, 2010) (dismissing Section 155 claims and denying leave to amend).

These cases go hand-in-hand with the applicable pleading standards under Rule 8 – the Complaint must contains sufficient factual material to make it "plausible" that Travelers's handling of American Highway's claim was vexatious and unreasonable. *Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Here, there is a <u>complete absence</u> of any allegations of any conduct of Travelers other than the denial of the claim itself. All of the above-cited Section 155 cases demonstrate that denial of an insurance claim, without more, is insufficient to state a claim under Section 155. *See, e.g.*, *Scudella*, 174 Ill. App. 3d 245, 252-253.

Consistent with the above cases and with *Iqbal*, there must be specific factual allegations that explain (or allow the Court to conclude) <u>why</u> American Highway believes Travelers engaged in conduct that was purportedly vexatious and unreasonable. At present, the allegations are merely legal conclusions, as they are simply formulaic recitations of the cause of action itself – the only allegations are that the denial was "improper" (Complaint ¶33) and "vexatious and unreasonable" (Complaint ¶34). That does not state a claim. *See 70th Court Indus. Condo. #2 v. Travelers Cas. Ins. Co. of Am.*, No. 16 C 6483, 2017 WL 1386179, at *2 (N.D. Ill. Apr. 18, 2017) ("[P]laintiff's complaint merely recite the acts that constitute improper claims practice. . . . To state a claim, plaintiff must provide more than a formulaic recitation of a cause of action, labels, and conclusions."); *1212 Restaurant Group*, 342 Ill. App. 3d at 511; *Kondaur*, 2012 WL 367054, *5-6 (N.D. Ill. Feb. 2, 2012); *Scottsdale*, 2007 WL 2740521, at *4 (N.D. Ill. Sept. 10, 2007); *9557,*

*LLC and River West Meeting Associates, Inc. v. Travelers Indemnity Company of Connecticut*, 2016 WL 464276, at *2 (N.D. Ill. 2016) (same).

Insurers are permitted to disagree with their insureds regarding whether a claim is covered. *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007) (rejecting Section 155 claim against insurer that presented arguments with "reasoned support"). Simply alleging that a certain position was taken does not suffice for actually alleging factual material showing that, under the totality of the circumstances, the insurer's conduct was vexatious and unreasonable. *Citizens First*, 200 F.3d at 1110.

It is the obligation of American Highway to allege a "story that holds together," and it has not done that in connection with Count II of its Complaint. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). There is simply no basis to conclude that Travelers's conduct was unreasonable or vexatious based on the *factual* allegations of the Complaint, and accordingly American Highway's Count II, purporting to allege a Section 155 claim, should be dismissed, pursuant to Rule 12(b)(6).

WHEREFORE, Travelers respectfully requests that this Honorable Court dismiss Count II of American Highway's Complaint, for failure to state a claim, and grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

By: /s/ John Eggum
Matthew S. Ponzi
John Eggum
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 N. La Salle Street, Ste. 1400
Chicago, Illinois 60601
Tel: (312) 863-5053
Email: mponzi@fgppr.com
jeggum@fgppr.com

N/A
N/A
N/A

*Attorneys for Travelers Property Casualty Company of America*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 12, 2019, the foregoing was served via CM/ECF, the Court's electronic notification system, as follows:

> Jason Orleans
> ORLEANS CANTY NOVY, LLC
> 325 Washington Street, Suite 400
> Waukegan, Illinois 60085
> jorleans@ocnlaw.com

/s/ John Eggum
John Eggum