UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN HIGHWAY, INC., ) | |
| ) | Honorable Manish S. Shah |
| Plaintiff, ) | |
| ) | Case No.: 19 CV 01660 |
| v. ) | |
| ) | |
| THE TRAVELERS COMPANIES, INC., d/b/a ) | |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT FOR**
**DECLARATORY JUDGMENT AND FOR OTHER RELIEF**

Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), incorrectly named as THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, for its Answer to the Plaintiff's Complaint for Declaratory Judgment and for Other Relief, states as follows:

**INTRODUCTION**

1. At all times relevant, Plaintiff, American Highway, was a federally licensed motor carrier (US DOT Number 941655) organized and existing under the laws of the State of Illinois, with its principal place of business in West Chicago, Illinois, and performing transportation services as a motor carrier (MC No. 404418) in interstate commerce.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

2. At all times relevant, Defendant, Travelers Property Casualty Company of America (hereinafter "Travelers") was a wholly owned subsidiary insurance company of The Travelers Companies, Inc. incorporated under the laws of Minnesota, with its principal place of business in New York, that issued commercial lines of insurance, including Commercial Automobile Coverage to American Highway.

**ANSWER:** Denied in the form alleged. Travelers Property Casualty Company of America is 100% owned by The Phoenix Insurance Company, which is 100% owned by The Travelers Indemnity Company, which is 100% owned by Travelers Insurance Group Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc., which is a publicly traded company.

Travelers Property Casualty Company of America is an insurance company organized under the laws of the State of Connecticut, and its principal place of business is in Connecticut.

Travelers admits it is an insurance company engaged in the insurance business, and that it issued a certain insurance policy to the Plaintiff, as specified below.

Any remaining allegations are denied to the extent inconsistent with the foregoing.

3. At all times relevant, Kerry, Inc. (hereinafter "Kerry Foods") was a producer of food and beverage products incorporated in the State of Wisconsin with its principal place of business located in Beloit, Wisconsin. Additionally, Kerry Foods operated offices in Carol Stream, Illinois ("Kerry-Carol Stream").

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

4. At all times relevant, Nutro Products, Inc. ("Nutro") was a subsidiary company of Mars, Inc., incorporated under the laws of the State of Delaware with its principal place of business in Franklin, Tennessee. Nutro operated offices at 13242 Nutro Way in Victorville, California ("Nutro-CA").

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

## THE CLAIM

5. Prior to November 29, 2017, Kerry Foods retained a logistics company to arrange for a load of spices ("the subject load") to be transported from Kerry-Carol Stream to Nutro-CA by motor carrier.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

6. Soon thereafter, the logistics company tendered the subject load to American Highway, for transport from Kerry-Carol Stream to Nutro-CA, by tractor-trailer.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

7. On November 29, 2017, the subject load was accepted from Kerry-Carol Stream by American Highway for delivery to Nutro-CA.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

8. At the time the subject load was received by American Highway, it was placed onto trailer #968043 and subsequently sealed in good condition

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

9. On December 4, 2017, during transportation of the subject load, trailer #968043 experienced a mechanical issue, causing American Highway to transload the subject cargo onto trailer #536693 for delivery at Nutro-CA.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

10. On December 6, 2017, American Highway delivered the subject load to Nutro-CA.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

11. On December 11, 2017, the subject load was inspected by Nutro personnel.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

12. On December 11, 2017, Nutro rejected the subject load on the basis that the original seal was not affixed to the trailer.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

13. As such, American Highway was caused to sustain $48,296.17 in damages arising from the asserted claim from its liability as a motor carrier.

**ANSWER:** Travelers denies that it is responsible for or liable for any damages to American Highway, or which were incurred by American Highway. With regard to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

## NATURE OF THE CASE

14. This Declaratory Judgment action is brought pursuant to 735 ILCS 5/2-701 and involves the respective rights and duties between Travelers and American Highway arising from the wrongful denial of a claim under a certain policy of insurance issued to American Highway.

**ANSWER:** Travelers denies that it wrongfully denied the referenced insurance claim and Travelers denies that it breached any obligation to American Highway or engaged in any other type of wrongful conduct. As to any remaining allegations, these allegations are legal conclusions to which no response is required. To the extent a response is required to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

15. This Complaint for Declaratory Judgment seeks the following: (1) a declaration and finding that Travelers must defend and indemnify American Highway in connection with the claim; (2) a declaration that Travelers has breached its duty to defend and indemnity American Highway by wrongfully denying its claim; (3) Travelers is estopped from asserting policy defenses due to its breach of the duty to defend and indemnify against the claim; and (4) because Travelers has breached its duty to defend and indemnify American Highway, American Highway is entitled to full reimbursement of the cots and fees, including attorneys' fees, of filing the immediate action, as well as all costs and fees, including attorney' fees, which flow from the breach.

**ANSWER:** Travelers denies that American Highway is entitled to any of the relief set forth in this paragraph, and denies that it breached any obligation to American Highway, of any kind. As to the allegation that American Highway seeks this relief and any remaining allegations, these allegations are legal conclusions to which no response is required. To the extent a response is required to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

## THE TRAVELERS POLICY OF INSURANCE

16. Travelers issued a Policy of Insurance to American Highway, Policy Number QT660-3H552476, in effect on the date of the occurrence (the "Policy").

**ANSWER:** Admitted that Travelers Property Casualty Company of America issued a Commercial Inland Marine insurance policy to American Highway Inc. as the Named Insured for the period 6/30/2017 to 6/30/2018 bearing policy number QT-660-3H552476-TIL-17. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

17. The Policy includes form Number CM T2 09 01 11, titled CARRIERS CARGO PAK, which contains in pertinent part:

    A. Coverage

>We will pay those sums you become legally obligated to pay as damages for direct physical loss or damage to Covered Property caused by or resulting from a Covered Cause of Loss.
>
>>1. **Covered Property,** as used in this Coverage Form, means lawful property of others that you have accepted for transportation, and for which a Limit of Insurance is shown in the Declarations.
>>
>>3. **Covered Causes of Loss**, means RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE from an external cause, except those causes of loss listed in the Exclusion.

**ANSWER:** Travelers denies that this allegation accurately reflects the content of the Policy. The Policy contains Form Number CM T2 08 01 11, titled Cargo and Logistics Pak, which contains the following provisions:

>**A.** **Coverage**
>
>We will pay those sums you become legally obligated to pay as damages as a Motor Carrier, Warehouseman, Freight Forwarder, Logistics Service Provider or Other Bailee for direct physical loss or damage to Covered Property caused by or resulting from a Covered Cause of Loss.
>
>>**1.** **Covered Property**, as used in this Coverage Form, means lawful property of others that you have accepted for transportation, including while temporarily stored or subject to your transportation related logistics services, and for which a limit of insurance is shown in the Declarations. . .
>>
>>**3.** **Covered Causes of Loss**
>>
>>>Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE from an external cause, except for those causes of loss listed in the Exclusions.

As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

6

## INVESTIGATION AND TENDER TO TRAVELERS

18. American Highway investigated the claim and provided notice to its insurer, Travelers.

**ANSWER:** Travelers admits that on February 16, 2018, American Highway notified Travelers of a claim arising from a shipment of goods that was reportedly delivered on December 6, 2017. That notification included documentation stating that the goods were rejected by the recipient upon inspection on December 11, 2017.

As to the remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

19. On May 25, 2018, Travelers denied American Highway's claim, asserting that coverage is not afforded where there was "no physical damage" to the cargo. Attached as **Exhibit A** is a copy of Travelers' May 25, 2018, claim denial.

**ANSWER:** Travelers admits that the letter attached as Exhibit A is a true and correct copy of the letter sent by Travelers which denies that coverage is available for the loss that was the subject of the claim made by American Highway. Travelers denies that the above allegations fully and accurately characterizes the totality of the information contained in Exhibit A, and denies these allegations to the extent inconsistent with Exhibit A. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

20. On October 30, 2018, American Highway requested Travelers to reconsider its claim denial and again sought coverage for the legal liability under the Policy. Attached as **Exhibit B** is a copy of American Highway's October 30, 2018, correspondence.

**ANSWER:** Travelers admits that it received the correspondence attached as Exhibit B, but denies that the above allegations fully and accurately characterizes the totality of the information contained in Exhibit B, and denies these allegations to the extent inconsistent with Exhibit B. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

21. On December 13, 2018, Travelers again denied American Highway's claim. Attached as **Exhibit C** is a copy of Travelers' December 13, 2018, claim denial.

**ANSWER:** Travelers admits that the email attached as Exhibit C is a true and correct copy of an email sent by Korie L. Whitley of Travelers to Dylan D. Shiver of Orleans Canty Novy LLC. Travelers admits that Travelers confirmed that no coverage was available under the Policy with respect to American Highway's claim. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

## COUNT I—DECLARATORY JUDGMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as though fully set forth herein.

**ANSWER:** Travelers incorporates by reference all of its prior responses as if fully set forth herein.

23. 735 ILCS 5/2-701(a) permits the Court to "in cases of actual controversy, make binding declarations of rights, having the force of final judgments."

**ANSWER:** This allegation states a legal conclusion to which no response is required. To the extent a response is required, Travelers admits that the referenced statute provides for the entry of declaratory judgments. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

24. An actual controversy exists between American Highway and Travelers concerning whether Travelers has improperly denied American Highway's claim.

**ANSWER:** Travelers denies that it "improperly denied" American Highway's claim. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

25. A claim for damages in the amount of $48,296.17 has been made against American Highway for the complete loss of the cargo.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

26. The cargo was rejected on the basis that the original seal was broken and replaced by another. Thus, damage/adulteration of the cargo was presumed, such that the "legal liability" of American Highway as a motor carrier was asserted.

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

27. The "legal liability" for loss or damage to cargo shipped in interstate commerce is governed by the Carmack Amendment. 49 USCA § 1470(a)(1).

**ANSWER:** Travelers lacks sufficient knowledge or information to form a belief regarding the truth of these allegations, and therefore it neither admits nor denies the allegations.

28. The Travelers cargo coverage form affords coverage for legal obligations of a motor carrier under the Carmack Amendment. Travelers' coverage obligations must be guided by the plain language of its Policy in view of the scope of "legal liability" that may be actionable under the Carmack Amendment. See, *Travelers Prop. Cas. Co. of Am. v.. Breeding Heavy Haulers, Inc.*, 2012 U.S. Dist. LEXIS 40936 *8 (E.D. Ky. 2012) (providing that "legal liability" referenced in a cargo liability policy refers to the specific liability a motor carrier assumes under the Carmack Amendment).

**ANSWER:** Travelers denies that the Policy contains provisions stating that it "affords coverage for legal obligations of a motor carrier under the Carmack Amendment." The Policy affords coverage pursuant to the terms, conditions, limitations, and provisions of the Policy, and not otherwise. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

29. Travelers' position that there is no coverage because there was "no physical damage" is at odds with the policy's express intent to cover the "legal obligations" (i.e., liability under the Carmack Amendment) of American Highway.

**ANSWER:** Denied. For the avoidance of doubt, Travelers denies the characterization of the Policy alleged in this paragraph, which is not reflective of the plain language of the

Policy. The Policy affords coverage pursuant to the terms, conditions, limitations, and provisions of the Policy, and not otherwise.

30. Travelers' coverage denial was improper in view of these governing principles and the intent of its cargo liability coverage form.

**ANSWER:** Denied.

## COUNT II—VIOLATION OF THE INSURANCE CODE

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as though fully set forth herein.

**ANSWER:** Travelers had contemporaneously moved to dismiss Count II of the Complaint for Failure to State a Claim under FED. R. CIV. P. 12(b)(6). In accordance with the Court's Mandatory Initial Discovery Pilot Project, Travelers is nonetheless answering Count II of the Complaint, notwithstanding the pending Motion to Dismiss.

Travelers incorporates by reference all of its prior responses as if fully set forth herein.

32. In Illinois, there exists a statute, 215 ILCS 5/155, commonly known as The Insurance Code. In pertinent part, the statute provides that:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the

> amount, if any, which the company offered to pay in settlement of the claim prior to the action.

**ANSWER:** Travelers had contemporaneously moved to dismiss Count II of the Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). In accordance with the Court's Mandatory Initial Discovery Pilot Project, Travelers is nonetheless answering Count II of the Complaint, notwithstanding the pending Motion to Dismiss.

Travelers need not respond to this allegation because it comprises legal conclusions to which no response is required. To the extent a response is required, Travelers denies the referenced provision comprises the entire Illinois Insurance Code. As to any remaining allegations, Travelers lacks sufficient knowledge or information to form a belief regarding the truth of the allegations, and therefore it neither admits nor denies the allegations.

33. The actions and/or omissions by Travelers in denying the subject claim were improper.

**ANSWER:** Travelers had contemporaneously moved to dismiss Count II of the Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). In accordance with the Court's Mandatory Initial Discovery Pilot Project, Travelers is nonetheless answering Count II of the Complaint, notwithstanding the pending Motion to Dismiss.

Travelers denies these allegations.

34. Specifically, the conduct of Travelers toward American Highway has been vexatious and unreasonable.

**ANSWER:** Travelers had contemporaneously moved to dismiss Count II of the Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). In accordance with the Court's Mandatory Initial Discovery Pilot Project, Travelers is nonetheless answering Count II of the Complaint, notwithstanding the pending Motion to Dismiss.

Travelers denies these allegations.

35. Accordingly, American Highway is entitled to all reasonable attorneys' fees and costs associated with and arising from Travelers' conduct.

**ANSWER:** Travelers had contemporaneously moved to dismiss Count II of the Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). In accordance with the

Court's Mandatory Initial Discovery Pilot Project, Travelers is nonetheless answering Count II of the Complaint, notwithstanding the pending Motion to Dismiss.

Travelers denies these allegations.

WHEREFORE, Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, incorrectly named as THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, respectfully requests that this Honorable Court deny all relief sought by Plaintiff, AMERICAN HIGHWAY, INC., and enter an order of judgment in Travelers' favor on all counts and claims for relief, and grant such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Travelers, by counsel, for its Affirmative Defenses to the Complaint of American Highway, Inc. ("American Highway"), states as follows:

## FIRST AFFIRMATIVE DEFENSE

1. The claim made by American Highway to Travelers does not involve direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss, and is accordingly not covered by the Travelers' Policy. To the extent American Highway did experience direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss, American Highway's claims are barred, in whole or in part, by the following exclusions:

    **B. EXCLUSIONS . . .**

        2. We will not pay for loss or damage caused by or resulting from any of the following:

            a. Delay, loss of use, loss of market, loss of income or any other consequential loss.

12

      b.    Dishonest or criminal acts by you, your partners, directors, trustees, officers or members. This exclusion does not apply to your employees or independent contractors.

    3.    We will not pay for any costs, fines, or penalties you incur for your violation of any law or regulation that applies to your delay in payment, denial or settlement of any claim made against you by others for any loss or damage.

## SECOND AFFIRMATIVE DEFENSE

2.    The Travelers Policy only provides for a duty to defend the Named Insured against a "suit" as that term is used in the Policy, and the Policy also provides that there is no duty to defend the Named Insured against any "suit" (as that term is used in the Policy) seeking damages to which this insurance does not apply. American Highway has never tendered any "suit" to Travelers in connection with this Claim. To the extent there is any "suit" pertaining to the matters that are the subject of the Claim, American Highway's claims pertaining to a duty to defend are barred, in whole or in part, due to the fact that there was no direct physical loss or damage, and therefore such "suit" could not seek damages to which the Policy applies.

## THIRD AFFIRMATIVE DEFENSE

3.    American Highway's claims are barred, in whole or in part, to the extent that American Highway has engaged in or permitted spoliation of evidence and/or to the extent that they failed to maintain records pertaining to property that is the subject of their Claim.

## FOURTH AFFIRMATIVE DEFENSE

4.    American Highway's claims are barred, in whole or in part, to the extent that any part of a loss has been paid or made good by others.

## FIFTH AFFIRMATIVE DEFENSE

5.    American Highway's claims are barred, in whole or in part, to the extent the Other Insurance provisions of the Travelers Policy limit any obligations of Travelers.

**SXITH AFFIRMATIVE DEFENSE**

6. American Highway's claims are barred, in whole or in part, to the extent that it failed to comply with the provisions of the Travelers Policy entitled Duties in the Event Of Loss, including to the extent: (i) prompt notice was not provided; (ii) American Highway failed to take all reasonable steps to protect Covered Property from further damage; (iii) American Highway failed to keep a record of expenses necessary to protect Covered Property; (iv) American Highway made a voluntary payment, assumed any obligation, or incurred any expense without Travelers' consent; (v) American Highway failed to send Travelers copies of demands, notices, summonses or legal papers received in connection with the claim or any suit; or (vi) American Highway failed to make a prompt claim in writing against any other party who may be liable for the loss.

**SEVENTH AFFIRMATIVE DEFENSE**

7. American Highway's claims are barred, in whole or in part, to the extent they contravene the Valuation provisions of the Travelers Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

8. American Highway's claims are barred, in whole or in part, to the extent that they have breached or otherwise failed to comply with any of the provisions of the Policy set forth under the heading entitled: "Notice of Loss and Duties in the Event of Loss or Damage."

**NINTH AFFIRMATIVE DEFENSE**

9. Travelers reserves the right to add, modify, or amend these Affirmative Defenses as the facts and circumstances become known through the course of discovery

WHEREFORE, Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, incorrectly named as THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, respectfully requests that this Honorable

Court deny all relief sought by Plaintiff, AMERICAN HIGHWAY, INC., and enter an order of judgment in Travelers' favor on all counts and claims for relief, and grant such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

By:    /s/ John Eggum
        Matthew S. Ponzi
        John Eggum
        FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
        222 N. La Salle Street, Ste. 1400
        Chicago, Illinois 60601
        Tel:   (312) 863-5053
        Email:  mponzi@fgppr.com
                   jeggum@fgppr.com

*Attorneys for Travelers Property Casualty Company of America*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 12, 2019, the foregoing was served via CM/ECF, the Court's electronic notification system, as follows:

        Jason Orleans
        ORLEANS CANTY NOVY, LLC
        325 Washington Street, Suite 400
        Waukegan, Illinois 60085
        jorleans@ocnlaw.com

                              /s/ John Eggum
                              John Eggum