# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMERICAN HIGHWAY, INC.**<br><br>    Plaintiff**,**<br><br>v.<br><br>**THE TRAVELERS COMPANIES, INC.**<br><br>    Defendant. | **1:19-cv-01660**<br><br>Hon. Manish S. Shah |

## AGREED INITIAL STATUS REPORT

**I.    Nature of the Case**

  A.  Identity of the Attorneys of Record for Each Party

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| Jason Orleans (lead)<br>Orleans Canty Novy LLC<br>65 E. Wacker Place, Suite 1220<br>Chicago, IL 60601<br>Service@ocnlaw.com<br>(847) 625-200 | Matthew S. Ponzi (lead)<br>John Eggum<br>Foran Glennon Palandech Ponzi & Rudloff PC<br>222 N. LaSalle St., Suite 1400<br>mponzi@fgppr.com<br>jeggum@fgppr.com<br>(312) 863-5053 |

  B.  Basis of Federal Jurisdiction

- Pursuant to 28 U.S.C. § 1332(a), this Court retains jurisdiction because both parties are of diverse citizenship and the amount-in-controversy meet or exceeds $75,000.00. American Highway, Inc. is an Illinois corporation while The Travelers Companies, Inc. is a Connecticut insurance company. Count I of American's complaint seeks damages in the amount of $48,296.17. Count II of American's complaint seeks damages in the amount not less than $28,977.70. In the aggregate, the total amount sought is $77,273.87.

C. Nature of Claims Asserted in the Complaint and Any Counterclaims and/or Third Party Claims.
- Plaintiff's Declaratory Judgment action asserts and seeks:
    - (i) a declaration that Travelers must defend and indemnify American High in connection with a loss of load claim;
    - (ii) a declaration that Travelers breached its duty to defend and indemnify American Highway by wrongfully denying the claim;
    - (iii) that Travelers is estopped from asserting policy defenses due to its breach; and, because Travelers breached its duty, American Highway is entitled to full reimbursement of the costs and fees, including attorneys' fees, in filling the immediate action as well as costs and fees, including attorneys' fees which flow from the breach.
- Travelers denies the allegations of the Complaint and denies that American Highway is entitled to the relief it seeks.
- No Counterclaims or Third-Party Claims have been filed at this time.

D. Major Legal and Factual Issues Anticipated in the Case

- American Highway's Position: The main factual and legal issues raised in the case is whether the loss of the load (and the subject claim) are of the type intended to be covered under the subject Travelers' policy of insurance, whether Travelers had a duty to defend and indemnify American Highway for the loss, and whether Travelers breached that duty. The issues include whether the loss was subject to a policy exclusion. Additionally, American Highway raises the legal issue of whether Traveler's conduct in denying the claim amount to a breach of its duty resulting in waiver and estoppel of its coverage defenses. Furthermore, American Highway contends that Travelers' denial was vexatious and unreasonable, and therefore in violation of the Illinois Insurance Code.

- Travelers' Position: Travelers' position is that following fact discovery, this case may present legal issues that can be resolved on summary judgment, all of which relate to whether and to what extent Travelers has any obligation to pay any amounts pursuant to the terms, conditions, provisions, and limitations of a Commercial Inland Marine insurance policy issued by Travelers Property Casualty Company of America to American Highway Inc. as the Named Insured for the period 6/30/2017 to 6/30/2018 bearing policy number QT-660-3H552476-TIL-17. As indicated by Travelers' Answer, Travelers denies any such obligation.

2

>       Travelers disagrees with American Highway regarding the likelihood that the other issues identified in its above statement will remain at issue, either due to elimination during fact discovery, or elimination in connection with Travelers' pending Motion to Dismiss the Section 155 claim asserted by American Highway.

E. Relief Sought By the Plaintiff

- Plaintiff's seeks a declaration that Travelers must defend and indemnify American High in connection with a loss of load claim; a declaration that Travelers breached its duty to defend and indemnify American Highway by wrongfully denying the claim; that Travelers is estopped from asserting policy defenses due to its breach; and, because Travelers breached its duty, American Highway is entitled to full reimbursement of the costs and fees, including attorneys' fees, in filling the immediate action as well as costs and fees, including attorneys' fees which flow from the breach.

- Travelers denies the allegations of the Complaint and denies that American Highway is entitled to the relief it seeks.

## II. **Mandatory Initial Discovery**

A. The Parties acknowledge their familiarity with the MIDP Standing Order.
B. The Parties shall comply with the MIDP by <u>May 24, 2019.</u>
C. The Parties do not anticipate disputes concerning the MIDP at this time.

## III. **Pending Motions and Case Plan**

A. Pending Motions
- Defendant has filed its Answer to Plaintiff's Complaint, denying all material allegations. Defendant has also filed affirmative defenses. Defendant has further filed a Motion To Dismiss For Failure To State A Claim as to Count II, pertaining to Section 155 of the Illinois Insurance Code.

B. Proposed Discovery Plan
- Deadline for final Rule 26 disclosures is <u>June 21, 2019.</u>
- Deadline for final written discovery to issue is <u>June 28, 2019.</u>
- The last date to complete all discovery is <u>September 27, 2019</u>.
- The parties agree that no expert discovery is expected in this case.

C. Trial Information
- The parties anticipate that one or both parties will file dispositive motions. If these motions are not granted, the parties will then be ready for trial at the Court's convenience. The expected length of trial is 2 to 3 days.

**IV. Consent to Proceed Before a Magistrate Judge**

- The Parties DO NOT consent to proceed before a Magistrate Judge.

**V. Status of Settlement Discussions**

- The parties have not held any settlement negotiations to date.

| /s/ Jason Orleans | /s/ John Eggum |
|---|---|
| **Counsel for the Plaintiff** | **Counsel for the Defendant** |
| Jason Orleans (lead) | Matthew S. Ponzi (lead) |
| Orleans Canty Novy LLC | John Eggum |
| 65 E. Wacker Place, Suite 1220 | Foran Glennon Palandech Ponzi & Rudloff PC |
| Chicago, IL 60601 | 222 N. LaSalle St., Suite 1400 |
| Service@ocnlaw.com | mponzi@fgppr.com |
| (847) 625-200 | jeggum@fgppr.com |
| | (312) 863-5053 |