| | |
|---|---|
| **AMERICAN HIGHWAY, INC.** Plaintiff**,** v. **THE TRAVELERS COMPANIES, INC.** Defendant. | **1:19-cv-01660** **Hon. Manish S. Shah** |

**FIRST AMENDED COMPLAINT**
**FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES the Plaintiff, AMERICAN HIGHWAY, INC. ("American Highway"), by and through its attorneys, ORLEANS CANTY NOVY, LLC, and for its First Amended Complaint for Declaratory Judgment and Other Relief, states as follows:

**INTRODUCTION**

1. At all times relevant, Plaintiff, American Highway, was a federally licensed motor carrier (US DOT Number 941644) organized and existing under the laws of the State of Illinois, with its principal place of business in West Chicago, Illinois and performing transportation services as a motor carrier (MC No. 404418) in interstate commerce.

2. At all times relevant, Defendant, Travelers Property Casualty Company of America (hereinafter "Travelers") was/is 100% owned by The Travelers Indemnity Company, which is 100% owned by Travelers Insurance Group Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc., which is a publicly traded insurance company organized under the laws of the State of Connecticut, with its principal place of business is in Connecticut.

3. Travelers issued commercial lines of insurance, including Commercial Automobile Coverage, to American Highway.

1

4. At all times relevant, Kerry, Inc. (hereinafter "Kerry Foods"), was a producer of food and beverage products incorporated in the State of Wisconsin with its principal place of business located in Beloit, Wisconsin. Additionally, Kerry Foods operated offices in Carol Stream, Illinois ("Kerry-Carol Stream").

5. At all time relevant, Nutro Products, Inc. ("Nutro") was a subsidiary company of Mars, Inc., incorporated under the laws of the state of Delaware with its principal place of business in Franklin, Tennessee. Nutro operated offices at 13242 Nutro Way in Victorville, California ("Nutro-CA").

## THE CLAIM

6. Prior to November 29, 2017, Kerry Foods retained a logistics company to arrange for a load of spices ("the subject load") to be transported from Kerry-Carol Stream to Nutro-CA by motor carrier.

7. Soon thereafter, the logistics company tendered the subject load to American Highway, for transport from Kerry-Carol Stream to Nutro-CA, by tractor-trailer.

8. On November 29, 2017, the subject load was accepted from Kerry-Carol Stream by American Highway for delivery to Nutro-CA.

9. At the time the subject load was received by American Highway, it was placed onto trailer #968043 and subsequently sealed in good condition.

10. On December 4, 2017, during transportation of the subject load, trailer #968043 experienced a mechanical issue, causing American Highway to transload the subject cargo onto trailer #53693 for delivery at Nutro-CA.

11. On December 6, 2017, American Highway delivered the subject load to Nutro-CA.

12. On December 11, 2017, the subject load was inspected by Nutro personnel.

2

13. On December 11, 2017, Nutro rejected the subject load on the basis that the original seal was not affixed to the trailer.

14. As such, American Highway was caused to sustain $48,296.17 in damages arising from the asserted claim for its liability as a motor carrier.

## NATURE OF THE CASE

15. This Declaratory Judgment action is brought pursuant to 735 ILCS 5/2-701 and involves the respective rights and duties between Travelers and American Highway arising from the wrongful denial of a claim under a certain policy of insurance issued to American Highway.

16. This Complaint for Declaratory Judgment seeks the following: 1) a declaration and finding that Travelers must defend and indemnify American Highway in connection with the claim; 2) a declaration that Travelers has breached its duty to defend and indemnify American Highway by wrongfully denying its claim; 3) Travelers is estopped from asserting policy defenses due to its breach of the duty to defend and indemnify against the claim; and 4) because Travelers has breached its duty to defend and indemnify American Highway, American Highway is entitled to full reimbursement of the costs and fees, including attorneys' fees, of filing the immediate action as well as all costs and fees, including attorneys' fees, which flow from the breach.

## THE TRAVELERS POLICY OF INSURANCE

17. Travelers issued a Policy of Insurance to American Highway, Policy Number QT660-3H552476, in effect on the date of the occurrence (the "Policy").

18. The Policy includes form Number CM T2 09 01 11, titled CARRIERS CARGO PAK, which contains, in pertinent part:

    **A.**    **Coverage**
We will pay those sums you become legally obligated to pay as damages for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.

    1.  **Covered Property**, as used in this Coverage Form, means lawful property of others that you have accepted for transportation, and for which a Limit of Insurance is shown in the Declarations.

    3.  **Covered Causes of Loss,** means RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE from an external cause, except those causes of loss listed in the Exclusions.

### **INVESTIGATION AND TENDER TO TRAVELERS**

19. American Highway investigated the claim and provided notice to its insurer, Travelers.

20. On May 25, 2018, Travelers denied American Highway's claim, asserting that coverage is not afforded where there was "no physical damage" to the cargo. Attached as **Exhibit A** is a copy of Travelers' May 25, 2018 claim denial.

21. On October 30, 2018, American Highway requested Travelers to reconsider its claim denial and again sought coverage for the legal liability under the Policy. Attached as **Exhibit B** is a copy of American Highway's October 30, 2018 correspondence.

22. After ignoring repeated requests to reconsider its coverage posture, On December 13, 2018, without further explanation, Travelers once again denied American Highway's claim. Attached as **Exhibit C** is a copy of Travelers' December 13, 2018 claim denial.

### **COUNT I – DECLARATORY JUDGMENT**

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 above as though fully set forth herein.

24. 735 ILCS 5/2-701(a) permits the Court to "in cases of actual controversy, make binding declarations of rights, having the force of final judgments."

4

25. An actual controversy exists between American Highway and Travelers concerning whether Travelers has improperly denied American Highway's claim.

26. A claim for damages in the amount of $48,296.17 has been made against American Highway for the complete loss of the cargo.

27. The cargo was rejected on the basis that the original seal was broken and replaced by another. Thus, damage/adulteration of the cargo was presumed, such that the "legal liability" of American Highway as a motor carrier was asserted.

28. The "legal liability" for loss or damage to cargo shipped in interstate commerce is governed by the Carmack Amendment. 49 USCA § 14706(a)(1).

29. The Travelers cargo coverage form affords coverage for legal obligations of a motor carrier under the Carmack Amendment. Travelers' coverage obligations must be guided by the plain language of its Policy in view of the scope of "legal liability" that may be actionable under the Carmack Amendment. See, *Travelers Prop. Cas. Co. of Am. V. Breeding Heavy Haulers, Inc*., 2012 U.S. Dist. LEXIS 40936 *8 (E.D. Ky. 2012) (providing that "legal liability" referenced in a cargo liability policy refers to the specific liability a motor carrier assumes under the Carmack Amendment).

30. Travelers' position that there is no coverage because there was "no physical damage" is at odds with the policy's express intent to cover the "legal obligations" (i.e., liability under the Carmack Amendment) of American Highway.

31. Travelers' coverage denial was improper in view of these governing principles and the intent of its cargo liability coverage form.

WHEREFORE, Plaintiff, AMERICAN HIGHWAY, INC. requests that this Court enter Judgment in its favor and against Defendant, THE TRAVELERS COMPANIES, INC. d/b/a

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, finding and declaring that Travelers must defend and indemnify American Highway against the subject claim. Further, AMERICAN HIGHWAY, INC. requests that this Court find and declare that:

A. Travelers has improperly denied American Highway's claim;

B. Travelers breached its duty to defend and indemnify American Highway;

C. Travelers is estopped from asserting policy defenses; and

D. American Highway is entitled to full reimbursement of the costs and fees, including attorneys' fees, of filing the immediate action as well as all costs and fees, including attorneys' fees, which flowed from the breach;

American Highway further prays for an award of their costs incurred herein and for such further relief as this Court deems just.

## COUNT II – BREACH OF CONTRACT

32. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as though fully set forth herein.

33. The insurance contract between American Highway and Travelers contains an implied duty of good faith and fair dealing.

34. By their actions, inactions, and denial, Travelers has breached the implied duty of good faith and fair dealing implied in the Policy.

35. Travelers' failure to defend and indemnify its insured from its liabilities consistent with its Policy is a breach of the insurance contract.

36. This breach of the insurance contract was and is the direct and proximate cause of damage to American Highway in an amount of $48,296.17.

37. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act, 815 ILCS §205/2, and, therefore, American Highway is entitled to

6

prejudgment interest.

WHEREFORE, Plaintiff, AMERICAN HIGHWAY, INC. requests that this Court enter Judgment in its favor and against Defendant, THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, in the amount of $48,296.17 plus prejudgment interest and for any further relief as this Court deems just.

### **COUNT III – VIOLATION OF THE INSURANCE CODE**

38. Plaintiff re-alleges and incorporates paragraphs 1 through 37 above as though fully set forth herein.

39. At all times relevant herein, Travelers' internal claims policies, practices, and procedures were required to be in compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with Sections 154.5 and 154.6 and 155 of the Illinois Insurance Code, 215 ILCS §5/154.6 and §5/155.

40. An insurer that wrongfully denies a claim knowing that it has no substantial grounds to reject the claim is guilty of bad faith.

41. In pertinent part, Section 155 of the Insurance Code provides that:

(l) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

7

42. Travelers engaged in bad faith, and continues to engage in bad faith. Travelers has breached its duty of good faith and fair dealing in violation of 215 ILCS §5/155. It has disputed the loss of the load. It has refused to pay for its insured's legal liabilities, despite contracting to do so. It has failed to defend or indemnify American Highway in relation to the aforementioned Kerry Foods claim, contrary to its contractual obligations.

43. Accordingly, American Highway is entitled to all reasonable attorneys' fees and costs under Section 155 of the Illinois Insurance Code by virtue of Travelers' engaging in the following vexations and unreasonable conduct including, but not limited to:

A. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's loses and claims, in which liability was reasonably clear, in violation of §154.6(d) of the Illinois Insurance Code;

B. Failing to acknowledge or respond to American Highway's request for reconsideration for more than 30 days, in violation of §154.6(b);

C. Compelling its policyholder, American Highway, to institute suit in order to recover amounts due under the policy by offering ($0.00) substantially less than American Highway may ultimately recover as a result of bringing suit, in violation of §154.6(e);

D. Refusing to pay the claim without conducting a reasonable investigation based on <u>all</u> available information to Travelers, in violation of §154.6(h);

WHEREFORE, Plaintiff, AMERICAN HIGHWAY, INC. requests that this Court enter Judgment in its favor and against Defendant, THE TRAVELERS COMPANIES, INC. d/b/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, finding and declaring that:

A. Travelers violated the Illinois Insurance Code; and

B. American Highway is entitled to full reimbursement of the costs and fees, including attorneys' fees, of filing the immediate action as well as all costs and fees, including attorneys' fees, which flowed from the breach;

American Highway further prays for an award of their costs incurred herein and for such further relief as this Court deems just.

        Respectfully Submitted,
        Plaintiff, American Highway, Inc.

        /s/ JASON ORLEANS
        One of Its Attorneys
        ORLEANS CANTY NOVY, LLC

Jason Orleans
Devin M. Lindsay
ORLEANS CANTY NOVY LLC
65 E. Wacker Place, Suite 1220
Chicago, Illinois 60601
P: (847) 625-8200
F: (847) 625-8262
Firm ID: 61094
Please serve via **Service@ocnlaw.com**