UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN HIGHWAY, INC., ) <br> ) Honorable Manish S. Shah <br> Plaintiff, ) <br> ) Case No.: 19 CV 01660 <br> v. ) <br> ) <br> THE TRAVELERS COMPANIES, INC., ) <br> ) <br> Defendant. ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), incorrectly named as THE TRAVELERS COMPANIES, INC., by and through its attorneys, for its Reply in support of its Motion to Dismiss Count III (incorrectly referenced as Count II at times due to a numbering change in the Amended Complaint), which purports to seek relief under Section 155 of the Illinois Insurance Code, states as follows:

Without citing even a *single* case addressing Section 155 of the Illinois Insurance Code, American Highway has argued that the Amended Complaint contains sufficient factual information to permit its Section 155 claim to persist. Its position is unsupportable under established law. Cases addressing Section 155 are clear that it is not sufficient to plead that an insurance claim was not paid, and merely attach the labels from the statute: "vexatious" and "unreasonable" (legal conclusions). That is all that American Highway has done here.

The case *Scudella v. Illinois Farmers Insurance* provides an example. 174 Ill. App. 3d 245, 247, 528 N.E.2d 218, 219 (1988). The insured was injured due to being hit by a car while walking across the street. *Id.* at 247. He sought benefits under his insurance policy, which provided personal injury protection coverage (a type of first party coverage), but the claim was

1

denied based on a policy provision that prohibited PIP recovery when recovery was made from a different source (Scudella had also recovered workers compensation insurance benefits). *Id.* at 247-250. When Scudella sued for breach of the policy, he included a Section 155 claim by simply alleging that the decision not to pay was vexatious and unreasonable. *Id.* at 252-253 ("Plaintiff requested such a penalty in count II of its complaint, but made no factual allegations other than claiming defendant 'unreasonably delayed and refused to pay' the additional PIP benefits."). The court found that Scudella failed to state a claim, and dismissed the Section 155 claim for lack of sufficient factual support. *Id*.

A recent case involving damage to a car wash was decided similarly. *Uptown Serv. Station, Inc. v. Arch Ins. Co.*, No. 18 C 175, 2018 WL 3417012, at *3 (N.D. Ill. July 13, 2018). In that case, the insured alleged a breach of contract, and alleged that there was vexatious and unreasonable conduct because it had to sue and it believed some administrative regulations were violated. *Id.* No factual specificity was included, and the court accordingly found that Uptown failed to state a claim. *See Id.* (after disposing of the administrative regulation claim for which there was no private right of action, stating: "Uptown's only remaining factual allegation, then, is that it ultimately had to sue for recovery of policy benefits that ought to have been forthcoming. . . . But, in the absence of additional culpable conduct, § 155 does not penalize an insurer for going to trial over a claim, even if benefits were wrongfully denied as the complaint asserts.").

Also in the same vein, in *Kondaur Capital v. Stewart Title Insurance Company*, the insured commenced a coverage action against Stewart Title for denial of coverage under a title insurance policy. *See* Case No. 11 C 7038, 2012 WL 367054, at *5 (N.D. Ill. Feb. 2, 2012). In addition to asserting a breach of contract, the insured alleged the breach was vexatious and unreasonable, and sought damages under Section 155. *Id.* The court dismissed this claim under Rule 12(b)(6) for

failure to meet the plausibility requirements that are demanded by *Iqbal* and similar cases. *Id.* at *5-6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court found the insured offered no factual support whatsoever in support of its conclusion that Defendant "has unreasonably and vexatiously refused to defend or indemnity Plaintiff," and accordingly concluded: "This void deprives Plaintiff's allegations of the plausibility that Rule 12(b)(6) demands." *Id.* (internal quotations omitted); *see also Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept.10, 2007) (stating "Simply pleading that [the defendant] knowingly and intentionally refused to provide insurance coverage and that [the defendant's] refusal 'was and continues to be vexatious and unreasonable,' without some modicum of factual support, is insufficient to plausibly suggest that [the plaintiff] is entitled to relief under the statute.").

The case *McGee v. State Farm* provides a counterexample. 315 Ill. App. 3d 673, 681–82, 734 N.E.2d 144, 151–52 (2000). There, the court found the Complaint contained sufficient factual allegations where it included assertions that the insurer refused the provide a copy of the policy to the insured, the insurer lied about the content of the policy, the insurer essentially refused to investigate the claim or evaluate the evidence presented, and the insurer demanded appraisal, but then refused to meaningfully participate in that process. *Id.* The court found these specific factual allegations – something more than simply an allegation of disagreement with the insurer's coverage position – stated a claim. *See Id.*; *see also Myrda v. Coronet Ins. Co.*, 221 Ill. App. 3d 482, 487, 582 N.E.2d 274, 278 (1991) (Section 155 claim sufficient when based on factual allegations that insurance claim pertaining to a stolen car was denied based on dubious polygraph of insured, and situation was that the police recovered the vehicle under circumstances inconsistent with insured's involvement in the theft).

3

American Highway's Amended Complaint is just like *Scudella*, *Uptown*, *Kondaur*, and *Scottsdale*. The Amended Complaint is devoid of factual specificity, as underscored by the fact that the Response does not actually reference or direct the Court's attention to any specific factual allegations of the Amended Complaint. Also notable, American Highway barely focuses on the Travelers' Policy, which it has not even attached to its Amended Complaint. It asks this Court to find it "plausible" that Travelers' coverage position had no basis in law or fact, without the benefit of the very contract under which American Highway seeks relief.

To summarize American Highway's position:

(i) American Highway alleges, without citation, quotation to, or attachment of the Policy, that: "The Travelers cargo coverage form affords coverage for legal obligations of a motor carrier under the Carmack Amendment"[1];

(ii) American Highway believed it had liability under the Carmack Amendment due to a missing/mismatched seal on a load of goods, made a claim to Travelers, and the claim was denied;

(iii) American Highway disagreed with Travelers' interpretation of the Policy based on case law pertaining to American Highway's purported potential liability under the Carmack Amendment (a conflation of American Highway's liability, and the coverage provided under the Policy); and

---

[1] Without going outside the pleadings (since the policy is not attached to the Amended Complaint), if the Policy indeed stated that it insured "the legal obligations of [American Highway] under the Carmack Amendment" or if the Policy even had the word "Carmack" in it, presumably American Highway would have stated that and/or quoted it. Neither the Amended Complaint nor the Response include any such assertion or quote.

4

>  (iv) American Highway asserts that Travelers' refusal to change its coverage position based on a follow up letter is proof of vexatious and unreasonable conduct.

*Response*, p. 3-4.

That is the sum and substance of American Highway's defense of the sufficiency of its Section 155 claim.

All of these allegations are generalized "the-defendant-unlawfully-harmed-me accusations" like those that the Supreme Court rejected in *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). The formulaic nature of these allegations is highlighted by the following discussion in *Iqbal*, which shows that a generalized allegation of bad conduct is no substitute for pleading actual facts, and that such allegations are entitled to neither deference nor a presumption of truth:

> [R]espondent's complaint has not "nudged [his] claims" of invidious discrimination "across the line from conceivable to plausible."
>
> We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." . . . These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim. . . . As such, the allegations are conclusory and not entitled to be assumed true.
>
> To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.

*Iqbal*, 556 U.S. at 680–81 (citation omitted).

There is no difference between the allegation in *Iqbal* that the defendants did something "maliciously" and the allegation here that Travelers' claim decision was vexatious and unreasonable. Section 155 requires more than just alleging a breach of contract and embellishing it with labels.

Although American Highway has argued otherwise, the pertinent question remains whether there is a bona fide dispute regarding coverage. *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007) ("[T]his was a bona fide dispute regarding coverage, and that is all Illinois law requires to avoid the imposition of section 5/155 penalties."); *see also Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (discussing safeharbors to Section 155 liability); *Lexington Ins. Co. v. Horace Mann Ins. Co.*, 186 F. Supp. 3d 920, 934 (N.D. Ill. 2016), *aff'd*, 861 F.3d 661 (7th Cir. 2017) ("An insurance company is only liable if it does not present a "bona fide defense" for its refusal to timely pay a claim"). Here, there was a bona fide dispute; as shown by the letters attached to the Amended Complaint, the parties had a genuine dispute over how the Policy applied to the facts of the claim. Such disputes are permitted and protected, and the Section 155 claim should therefore be dismissed. The *bona fide* nature of the dispute is not going to change, regardless of the outcome of this litigation, so that dismissal should be with prejudice. *See Fid. Investments Life Ins. Co. v. Squire*, 2010 WL 3273737, at *3 (N.D. Ill. Aug. 18, 2010) (dismissing Section 155 claims and denying leave to amend).

WHEREFORE, Travelers respectfully requests that this Honorable Court dismiss Count III of American Highway's Amended Complaint, pertaining to Section 155 of the Illinois Insurance Code, for failure to state a claim, and grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

By: /s/ John Eggum
Matthew S. Ponzi
John Eggum
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 N. LaSalle Street, Ste. 1400
Chicago, Illinois 60601
Tel: (312) 863-5053
Email: mponzi@fgppr.com
jeggum@fgppr.com

*Attorneys for Travelers Property Casualty Company of America*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 24, 2019, the foregoing was served via CM/ECF, the Court's electronic notification system, as follows:

Jason Orleans
ORLEANS CANTY NOVY, LLC
325 Washington Street, Suite 400
Waukegan, Illinois 60085
jorleans@ocnlaw.com

Devin Lindsay
ORLEANS CANTY NOVY, LLC
65 East Wacker Place
Suite 1220
Chicago, Illinois 60601
dlindsay@ocnlaw.com

/s/ John Eggum
John Eggum